# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**ROHIT VERMA**                                                                                    **PLAINTIFF**

**V.**                                                                                    **NO. 3:25-CV-52-DMB-RP**

**GURPREET SINGH DAFFU;**
**M&S MALWA TRANSPORT,**
**INC.; ALAN RITCHEY, INC.;**
**UNITED STATES OF AMERICA;**
**and DOES 1-100**                                                                                    **DEFENDANTS**

## ORDER

As discussed during the Court's March 19 status conference with the parties, the United States' motion to dismiss [48] is **DENIED without prejudice**;[1] Rohit Verma's "Motion to Stay Proceedings on Motion to Dismiss"[2] [55] is **DENIED as moot**;[3] and Verma's "Motion for Leave to File Pleading and Exhibit Under Seal" [72] is **DENIED without prejudice**.[4]  The United States

---

[1] The sole exhibit attached to the August 20 motion to dismiss was not properly authenticated.  Doc. #48-1.  The motion to dismiss was filed "under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)."  Doc. #48 at PageID 166.

[2] In his September 3 motion to stay, Verma asserts that "the Court should stay proceedings on the Motion to Dismiss pending completion of discovery on the issue of the USA's right of control at the mail facility in question."  Doc. #55 at 2.  On November 10, United States Magistrate Judge Roy Percy granted Verma's October 24 motion to conduct certain limited discovery—the depositions of Carl Taylor, Yvonne Muhammad, and Thed Thomas; "[w]ritten discovery to Alan Ritchey, Inc. [("ARI")] limited to the issue of the right to control activities of persons at the mail facility in question;" and, if necessary, the 30(b)(6) depositions of ARI and USPS limited to the same issue.  Doc. #61 at 1; Doc. #63.  Only Muhammad and Thomas were deposed; however, in violation of Local Rule 5(d)(2), there was no indication of such on the docket until Verma filed his February 16 response to the motion to dismiss and attached the transcripts of their December 11 depositions.  Docs. #71, #71-1, #71-2.  Verma's counsel advised during the status conference that no other limited discovery was required.

[3] According to Verma, "[b]ecause the e-mail [attached to the United States' motion to dismiss] is outside the pleadings, the USA's motion to dismiss must be treated as one for summary judgment under Rule 56."  Doc. #55 at 1.  It depends.  Generally, "[t]he court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside of the pleadings."  *Caddell v. United States*, 61 F. App'x 918, 918 (5th Cir. 2003) (per curiam).  And "a district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201."  *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

[4] Verma sought to seal "the Surface Transfer Centers (STC) - Statement of Work … and his Memorandum Brief in Support of Plaintiff's Response in Opposition to Motion to Dismiss."  Doc. #72 at 1.  ARI joined Verma's motion to seal.  Doc. #75.  As the Court mentioned during the status conference, Verma's motion to seal and ARI's joinder are

may renew its motion to dismiss no later than March 30, 2026; any response must be filed within twenty-one days of the filing of the renewed motion to dismiss; and any reply must be filed within fourteen days of the filing of the response.

 **SO ORDERED**, this 23rd day of March, 2026.

/s/Debra M. Brown    
**UNITED STATES DISTRICT JUDGE**

---

deficient because in violation of Local Rule 79(e)(3), they fail to explain why another procedure (such as redaction) would not suffice and fail to cite governing case law detailing why the documents should be sealed from public access. More, neither Verma nor ARI submitted to the Court the documents sought to be filed under seal, which left the Court with no basis to make "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U. Civ. R. 79(b).